IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BARBARA A. MYLOD, : CIVIL ACTION
:
    Plaintiff, : NO. 04-5795
:
v. :
:
JO ANNE B. BARNHART, :
Commissioner of Social Security, :
:
    Defendant. :

## MEMORANDUM

BUCKWALTER, S. J.                                                                                                                                                                                  May 9, 2006

        Presently before the Court is Plaintiff's Objections to Report and Recommendation of United States Magistrate Judge M. Faith Angell. For the reasons set forth below, Plaintiff's objections are overruled, and the Magistrate Judge's Report and Recommendation is approved and adopted.

**I. DISCUSSION**

        After analyzing the reproduced record, the Administrative Law Judge's ("ALJ") opinion, the Magistrate Judge's Report and Recommendation, and Plaintiff's Objections, the Court finds that summary judgment is appropriately entered on behalf of Defendant.

        Even though the Court agrees with the Magistrate Judge's Report and Recommendation, the Court will briefly address Plaintiff's objections. Plaintiff argues that: (1) the ALJ failed to assign sufficient weight to the report of Plaintiff's treating orthopedist, and (2) the ALJ failed to make a proper credibility determination in light of Plaintiff's work history.

**A. The ALJ afforded sufficient weight to the report of Plaintiff's treating physician**

Plaintiff argues that the ALJ failed to assign sufficient weight to the report of Plaintiff's treating orthopedist, Dr. Mark Avart.  Specifically, Plaintiff contends that the ALJ improperly rejected Dr. Avart's conclusion that Plaintiff could sit for only three to four hours per eight hour work day.

Dr. Avart completed a residual functional capacity ("RFC") questionnaire ®. 410-12), which indicates Plaintiff can sit for three to four hours, stand for up to one hour, walk for up to one hour, lift and carry up to ten pounds occasionally, and reach occasionally.  The RFC also indicates that Plaintiff cannot bend, squat, crawl, climb, stoop, crouch, or kneel and cannot be exposed to unprotected heights.  Id.

The ALJ found that while "the limitations indicated [in the RFC] by Dr. Avart with respect to [Plaintiff's] ability to stand, walk and lift are credible, the limitation he indicated with respect to her ability to sit, raise[s] some doubts."  ®. 26).  The ALJ reasoned that because Dr. Avart did not consistently limit Plaintiff's ability to sit prior to the RFC,[1] his conclusion regarding Plaintiff's ability to sit in the RFC could not be credited.  The ALJ instead relied on the reports of Dr. Stanley Nosheny, a consulting physician ®. 212), and Dr. Stuart Gordon, who performed an independent medical evaluation ("IME") ®. 153).  Dr. Nosheny's report indicates that Plaintiff has the capacity to sit for eight hours or more.  ®. 212.)  Dr. Gordon's report states that Plaintiff

---

1.  The ALJ noted that in both a letter from Dr. Avart to James Mogel dated January 10, 2002 ®. 225), and a Progress Report dated June 7, 2002 ® . 218), Dr. Avart failed to mention any restriction on claimant's ability to sit. However, in an Interim Progress Note dated January 18, 2002 ®. 224), Dr. Avart stated that claimant's "[p]ain worsens . . . with prolonged sitting."

"is able to continue working her routine job without any restrictions and this would include a 40 hour work week." ®. 154.)

In response, Plaintiff first argues that Dr. Avart's RFC recommendation regarding her ability to sit is supported by a January 2002 treatment note from Dr. Avart which stated that Plaintiff's "pain worsen[ed] . . . with prolonged sitting." ®. 224.) As such, according to Plaintiff, "this is not a case in which the treating physician suddenly announced a limitation which was nowhere mentioned in his previous records." (Pl.'s Objections at 2-3.) Contrary to Plaintiff's argument, the ALJ did consider Dr. Avart's RFC *and* the treatment note which limited Plaintiff's ability to sit. In addition, the ALJ considered Dr. Avart's reports which did not indicate any limitation on Plaintiff's ability to sit and the other objective medical evidence in the record. Notably, none of Dr. Avart's reports dated after the January 2002 treatment note and before the RFC mention restrictions on or pain associated with Plaintiff's ability to sit.[2] This supports the ALJ's conclusion that Dr. Avart did not consistently limit Plaintiff's ability to sit and that Dr. Avart's recommendation with regard to Plaintiff's ability to sit could not be credited. Accordingly, the Court agrees with the Magistrate Judge's Report and Recommendation regarding this issue.

Second, Plaintiff argues that the ALJ should not have relied on Dr. Gordon's IME because that examination took place on March 7, 2001, eighteen months prior to claimant's amended onset date. The Court notes that Plaintiff has not demonstrated any intervening changes

---

2. Additionally, the ALJ noted that the limitations indicated by Dr. Avart may have been based on Plaintiff's assertions, which cannot be totally credited. As is discussed later in this Memorandum, the Court finds that the ALJ's conclusion with regard to Plaintiff's credibility is supported by substantial evidence.

3

in her condition to render Dr. Gordon's 2001 IME irrelevant.  Moreover, even without Dr. Gordon's IME, Dr. Nosheny's November 2002 exam, coupled with Dr. Avart's inconsistent reports, would be sufficient to contradict Dr. Avart's finding regarding Plaintiff's ability to sit.

Third, Plaintiff argues that the ALJ should have afforded greater weight to the opinion of Dr. Avart, an orthopedic specialist, than the opinion of Dr. Nosheny, who is not an orthopedic specialist.[3]  Plaintiff claims that the ALJ may have mistakenly believed that Dr. Nosheny was an orthopedist because his report was titled "Orthopedic Consultative Examination" in the Exhibit List.  Even assuming that Dr. Nosheny is an not orthopedic specialist, as Plaintiff contends, this fact would not alter the inconsistency of Dr. Avart's reports.

Finally, Plaintiff contends that "the ALJ gave no reason for rejecting Dr. Avart's report that [Plaintiff] was incapable of performing repetitive activities with her dominant hand and wrist." (Pl.'s Objections at 6.)  However, the ALJ properly states that in the RFC, Dr. Avart indicated that Plaintiff can "use both hands for simple grasping, pushing and pulling, and fine manipulations, as long these activities involve[] less than 10 pounds." ® . 27); see also R. 411-12. Therefore, the ALJ's conclusion that Plaintiff's wrist impairment does not warrant any additional limitation on her ability to perform sedentary work is supported by substantial evidence.

---

3.  Plaintiff cites Dr. Nosheny's certification record available at the American Board of Medical Specialist's ("ABMS") website, htttp://www.abms.org.  The ABMS website lists that  Dr. Nosheny has a general certificate in international medicine and a subspecialty certificate in rheumatology.

### B. The ALJ made a proper credibility determination

Plaintiff argues that the ALJ failed to make a proper credibility determination in light of Plaintiff's work history.  The ALJ noted that Plaintiff alleges severe pain in her knees, but, Plaintiff does not appear to be taking strong pain medication for pain relief.  Also, Plaintiff has been advised to lose weight to alleviate discomfort, but has not done so.  In addition, Plaintiff admits that she is able take public transportation, albeit with some difficulty, vacuum her apartment, and do some cooking.  Furthermore, as the ALJ noted, little in Dr. Avart's reports contradicts Dr. Nosheny's findings.  Based on these facts, the ALJ concluded that there are conflicts in the evidence and as such Plaintiff's testimony and statements indicating that she is unable to perform the full range of sedentary work cannot be credited.  Plaintiff points out that her long work history was not considered by the ALJ when assessing Plaintiff's credibility.  However, even if Plaintiff were afforded "significant credibility," the standard her counsel proposes, there are still conflicts in the evidence.  Considering these conflicts along with Plaintiff's credibility, the Court would still find that Plaintiff's statements regarding her ability to perform sedentary work cannot be credited.  Therefore, the ALJ's conclusion regarding Plaintiff's credibility is supported by substantial evidence.

## II. CONCLUSION

For the reasons stated above, the Court approves and adopts the Magistrate Judge's Report and Recommendation.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. MYLOD, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 04-5795 |
| v. | : | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 9th day of May, 2006, upon consideration of Plaintiff's Motion for Summary Judgment (Docket No. 11), the Report and Recommendation of the Chief United States Magistrate Judge M. Faith Angell (Docket No. 19), and Plaintiff's Objections thereto (Docket No. 20), it is hereby **ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**. Judgment is entered on behalf of Defendant and against Plaintiff. This case is now **CLOSED**.

BY THE COURT:

 *s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.